UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI NATURALITE,[1]

    Plaintiff,

vs.

Case No. 00-71379

MICHELE CIARLO, PATRICK WRIGHT, TERRY L. NORTON, and THOMAS McCLEAR,

HON. AVERN COHN

    Defendants.
_____/

## ORDER DENYING EX PARTE MOTION FOR RELIEF FROM JUDGMENT

I.

This is a pro se prisoner civil rights case which has long since closed. In 2000, plaintiff filed a complaint under 42 U.S.C. § 1983 against defendants challenging her arrest as a parole violator. Plaintiff named a parole agent and three assistant attorney generals as defendants. As best as could be gleaned, plaintiff challenged the parole agent's handling of a "parole transfer investigation request" and the actions of the assistant attorney generals when plaintiff later initiated state court proceedings regarding the revocation of her parole. The Court summarily dismissed the complaint on the grounds that plaintiff's claims were more appropriately brought in a habeas proceeding inasmuch as she was challenging the fact of her confinement. The Court also found that defendants enjoyed immunity under § 1983 because plaintiff's claims

---

[1] Although biologically male, plaintiff says she was diagnosed with Gender Identity Disorder. Because plaintiff refers to herself using feminine pronouns, the Court will do the same.

were directed at defendant's official actions.  See Order of Dismissal, filed May 4, 2000.

The Court of Appeals for the Sixth Circuit affirmed.  Naturalite v. Ciarlo, No. 00-2106

(Nov. 8, 2001).  The Supreme Court denied certiorari.  Naturalite v. Ciarlo, 536 U.S. 943

(2002).

Now before the Court is plaintiff's ex parte motion for relief from judgment under

Rule 60(b).  For the reasons that follow, the motion is DENIED.

II.

Fed. R. Civ. P. 60(b) provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons

under subsections (1), (2) and (3), "no more than one year after entry of the judgment or

order or the date of the proceedings."  Fed. R. Civ. P. 60(c).

Most of the grounds for relief relate to, if not require, new information about the

case that could not reasonably have been discovered earlier.  See, e.g., Abrahamsen v.

Trans-State Exp., Inc., 92 F.3d 425, 428 (6th Cir. 1996); United Coin Meter Co., Inc. v.

Seaboard Coastline R.R., 705 F.2d 839, 844-46 (6th Cir. 1983).  And the "public policy

favoring finality of judgments" limits the availability of relief under the rule.  Waifersong

Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). That is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). Relief under Rule 60(b)(6) should be granted only in "unusual and extreme situations where principles of equity mandate relief." Id.

III.

As an initial matter, plaintiff's motion was filed over ten years after the Court dismissed her case. This is not within a reasonable time and the motion may be denied on this basis.

Assuming that plaintiff's motion was timely, she still has not met the standard for granting relief from judgment. None of plaintiff's arguments convince the Court that Rule 60(b) is warranted. Only one argument merits brief comment. Plaintiff says that an intervening change in the law supports granting her motion. This argument is not well-taken. First, even "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997). "Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund, 249 F.3d 519, 524 (6th Cir. 2001).

Second, the so-called change in the law is the Supreme Court's decision in Wilkinson v. Dotson, 544 U.S. 74 (2005). Plaintiff says this case permits her to seek relief under § 1983 against defendants. Plaintiff misinterprets the effect of Wilkinson on

3

her particular situation. In Wilkinson, the Supreme Court held that a prisoner could maintain an § 1983 action for declaratory and injunctive relief challenging the constitutionality of state parole procedures, as long as prisoner was not in fact challenging "the fact or duration of his confinement." Id. at 79.

Even assuming Wilkinson applies to plaintiff, the complaint still fails to state a claim upon which relief can be granted. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Since § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in a § 1983 action is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271 (1994).

A plaintiff bringing a § 1983 action for violation of due process must show that the state deprived her of a constitutionally protected interest in "life, liberty, or property" without due process of law, Michael v. Ghee, 498 F.3d 372, 377-378 (6th Cir. 2007). A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't. of Corr. v. Thompson, 490 U.S. 454, 460 (1989). However, the Sixth Circuit has noted that "there is no constitutional or inherent right of a convicted person to be conditionally released [e.g., paroled] before the expiration of a valid sentence." Michael, 498 F.3d at 377-378 and there is no federal constitutional right to parole. Gavin v. Wells, 914 F.2d 97, 98 (6th Cir. 1990). It therefore follows that plaintiff's claim against the parole agent that her rights were violated when she was arrested as a

parole violator does not raise a constitutional claim.  Moreover, as found in the order of dismissal, defendants are entitled to immunity from a claim under § 1983 for their official actions.

    SO ORDERED.

                                          S/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated:  May 26, 2010

I hereby certify that a copy of the foregoing document was mailed to Jami Naturalite, #185660, Mound Correctional Facility, 17601 Mound Rd., Detroit, MI 48213 and  the attorneys of record on this date, May 26, 2010, by electronic and/or ordinary mail.

                                          S/Julie Owens
                                          Case Manager, (313) 234-5160